

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CATRICE JOHNSON, FELICIA BADON, MONA BLUNTE, IRA BORDERE, MARY CALLOWAY, DIANNE CARTER, GERALDINE DIXON, LULA EDWARDS, CHARLENE GREEN, GAYNELL HOLMES, NICOLE JOHNSON, JUDY JONES, SYLVIA MATTEO, ROBIN PERKINS, SHAWANDA RENFROE, YVETTE ROSE, DOROTHY SINGLEON, REGINA SINGLETON, SOPHIE SMITH, PEARLIE MAE STEVENSON, MARGIE VARIST, WENDY WALLACE, MARILYN WILLIAMSON, CHARLOTTE WINN, EMELDA WOODS, SANDRA WYATT, AND THERESA YOUNG | : : : : : : : : | CIVIL ACTION NO. **04-1128** SECT. D MAG. 3 MAGISTRATE JUDGE |
| VERSUS | : | |
| HOUSING AUTHORITY OF JEFFERSON PARISH, LOUISIANA HOUSING DEVELOPMENT CORPORATION and JEFFREY TRAHAN, Executive Director, JPHA | : : : | |
| | | Defendants |

: : : : : : : : : : : : : : : : : : : : : : : : : : : :

### COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE AND OTHER EQUITABLE RELIEF, AND DAMAGES

### INTRODUCTORY STATEMENT

1. This is an action by low-income tenants who have vouchers provided under the federal Housing Choice Voucher program ("Section 8"). These vouchers are intended to permit them to rent

1

decent, affordable private housing. The Jefferson Parish Housing Authority receives federal funds to supplement the rent and utility costs of these low income tenants. Federal law mandates that the allowances be based on local utility costs, climactic conditions, apartment size and utility type. The Jefferson Parish Housing Authority has not raised its utility allowances since 1995 even though rate hikes have caused utility costs to increase many times since then. Plaintiffs seek to enforce their right to have the Jefferson Parish Housing Authority ("JPHA") increase their utility allowances as required by federal law. Federal law specifically requires that Section 8 utility allowances be raised whenever there has been an increase of more than 10 per cent in the utility rates on which the current allowances are based. There have been several such increases since 1995, but Jefferson Parish has ignored them, causing severe hardship to the plaintiff tenants.

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1343(a)(3) and 1337. This case arises under the United States Housing Act of 1937, 42 U.S.C. §1437 *et. seq* ., as amended, and 42 U.S.C. § 1983.

3. Declaratory and injunctive relief is authorized under:

    (a) 28 U.S.C. §2201 and § 2202;

    (b) 42 U.S.C. §1983 which provides redress for the deprivation under color of state law of any right, privilege or immunity secured to persons by the Constitution and laws of the United States.

## PARTIES

4. Plaintiffs are all citizens of the United States who are current and/or former residents of

Jefferson Parish participating in the Housing Choice Voucher program.

5. Defendant, Jefferson Parish Housing Authority, is a public corporation created under the Louisiana Housing Authorities Law, L.S.A.-R.S. 40:381 et. seq. and governed by the United States Housing Act of 1937, 42 U.S.C. §1437 *et. seq* and regulations promulgated thereunder.

6. Defendant Jeffrey Trahan, is the Executive Director of the JPHA. His duties include, *inter alia*, ensuring that utility allowances are revised in accordance with federal law.

7. Defendant, Louisiana Housing Development Corporation, is a business corporation duly incorporated under the laws of the state of Louisiana. At all times relevant hereto, Defendant, Louisiana Housing Development Corporation was responsible for operating the Section 8 federally subsidized housing program for the Defendant, Jefferson Parish Housing Authority.

8. At all times pertinent hereto the defendants acted in their official capacities and under color of state law.

## STATUTORY AND REGULATORY FRAMEWORK

9. In the Housing and Community Development Act of 1974, Congress enacted various types of Section 8 programs, including tenant-based rental assistance, as the primary vehicle for the federal government's efforts to provide an adequate supply of decent affordable housing for low-income families. *See generally* 24 C.F.R. §982, 42 U.S.C. §1437f.

10. Families whose incomes do not exceed 80% of the area median income and who do not have assets in excess of the limitations established by the local Public Housing Authority (PHA) are eligible for public housing programs, including the Section 8 program.

11. The Section 8 program is a form of public assistance to these low-income families designed to permit them to afford decent, safe and sanitary housing.

3

12. A Section 8 participant receives a voucher from a PHA and then must find a private landlord willing to accept the voucher. The maximum rent which a private landlord may charge is governed by federal law. 42 U.S.C. §1437f(c)(1). When an owner agrees to rent to a Section 8 voucher holder, the landlord enters into a housing assistance payment contract with the local public housing agency for payment of the portion of the rent and utilities for which the tenant is not responsible.

13. As their share of the rent, Section 8 participants generally pay 30% of adjusted income, less a utility allowance set by the local Housing Authority which is based on apartment size, local climactic conditions, local utility rates etc. The maximum tenant share of the rent, less the utility allowance, is 40% of adjusted income. 42 U.S.C. §1437f(o)(3). The local Housing Authority pays the private landlord a monthly assistance payment equal to the remainder of the contract rent. 42 U.S.C. §1437f(c)(3). Thus the larger the utility allowance, the less the tenant must pay toward her rent. Tenants whose income is very low for their household size may pay no rent and instead receive from the Housing Authority a monthly utility reimbursement payment.

14. Pursuant to an Annual Contributions Contract with the U.S. Department of Housing and Urban Development, the local public housing agency receives funds from HUD for the housing assistance payments. Defendant Housing Authority of Jefferson Parish has received such funds pursuant to its contracts with HUD for each year at issue in this litigation.

15. Federal regulations provide that the amount of the utility allowance is to be determined by the Housing Authority based upon apartment size, types of utilities, "normal patterns of consumption for the community as a whole" and "current utility rates." 24 C.F.R.§ 982.517.

16. A Housing Authority is not allowed to use a particular utility allowance schedule

indefinitely because doing so could result in tenants being forced to use a greater share of their income for rent and utilities than is required under federal law. 24 C.F.R.§ 965.507 therefore provides for periodic revisions:

> Review and revision of allowances.
> (a) Annual review. The PHA **shall review at least annually** the basis on which utility allowances have been established and, if reasonably required in order to continue adherence to the standards stated in Sec. 965.505, shall establish revised allowances. The review shall include all changes in circumstances (including completion of modernization and/or other energy conservation measures implemented by the PHA) indicating probability of a significant change in reasonable consumption requirements and changes in utility rates.
> (b) Revision as a result of rate changes. The PHA **may revise** its allowances for resident-purchased utilities between annual reviews if there is a rate change (including fuel adjustments) and **shall be required to do so** if such change, by itself or together with prior rate changes not adjusted for, results in a change of 10 percent or more from the rates on which such allowances were based. Adjustments to resident payments as a result of such changes shall be retroactive to the first day of the month following the month in which the last rate change taken into account in such revision became effective. Such rate changes shall not be subject to the 60 day notice requirement of Sec. 965.502(c). (Emphasis supplied)

## FACTUAL ALLEGATIONS

17. All of the plaintiffs have Section 8 subsidized housing program vouchers provided by JPHA and all of these plaintiffs reside or have at all times pertinent hereto resided in Section 8 subsidized apartments.

18. Defendants have admitted to plaintiffs' counsel that they have not raised the Section 8 utility allowance schedule since 1995. They refused to provide to plaintiffs' counsel the studies, analyses and data considered by the defendant Housing Authority in deciding whether to change the schedule of utility allowances for Section 8 tenants. Instead, defendants at first asserted that allowances had not increased because "increases are allowed only when there is more than a 10

5

percent annual increase in costs." (Letter of August 27, 2003) Plaintiffs' counsel then pointed out that federal regulations require an increase whenever there has been a cumulative increase of 10 percent or more. In response, defendants asserted that they their "process is done on a 'cumulative' basis - that is reviewed annually." (Letter of March 4, 2004)

19. In fact, utility rates have increased by "10 per cent or more" from the rates on which the 1995 utility allowance schedule was based several times in the past nine years.

20. It is for this reason that both the Housing Authority of New Orleans and Kenner Housing Authority have raised their utility allowances for Section 8 tenants at least three times since 1995.

21. Examples of the disparity between utility allowances currently in effect for the plaintiffs compared to those they would be receiving if they resided in Kenner or New Orleans are as follows:

| PLAINTIFF | JEFFERSON | KENNER | HANO |
| --- | --- | --- | --- |
| Catrice Johnson- 4 BR, Gas & Electric | $68.75 | $115.59 | $124.00 |
| Wendy Wallace 4 BR, all Elect., $H_2O$ | $91.93 | $167.99 | $208.00 |
| Mona Blunte 4BR, all Electric | $77.33 | $143.12 | $151 |
| Felicia Badon 3 BR, Gas & Electric | $58.56 | $100.88 | $106.00 |
| Geraldine Dixon 3BR, all Electric | $67.47 | $126.64 | $131.00 |
| Emelda Woods 2 BR, all Electric | $56.57 | $110.02 | $112.00 |
| Sandra Wyatt 3 BR, Electric & $H_2O$ | $81.70 | $150.68 | $182.00 |

22. The actual utility costs of all of the plaintiffs have greatly exceeded and, absent intervention by this court, will continue to exceed, the utility allowances afforded by defendants. For example, plaintiff Sandra Wyatt's 12 month average monthly electric bill has been $120 and her average water bill has been $47, for a total of $167 per month, yet she has received only $82 per month as a utility allowance. The difference of $85 per month costs her more than one thousand dollars per year. This creates a severe hardship for her and her three children.

## FIRST CAUSE OF ACTION

23. Plaintiffs restate and incorporate by reference the foregoing allegations of this Complaint is if fully rewritten herein.

24. The utility allowance schedule which has been and is being used by defendants is not based on "current utility rates," in violation of 24 C.F.R.§ 982.517.

25. Plaintiffs have a private right of action under the United States Housing Act of 1937, 42 U.S.C. §1437 *et. seq*., to challenge defendants' illegal failure to make payments and a private right of action under 42 U.S.C. § 1983 for deprivation of substantial federal rights under color of state law.

26. As a direct and proximate result of defendants' violation of the United States Housing Act of 1937, 42 U.S.C. §1437 *et. seq*. and its implementing regulations, plaintiffs have paid more rent than is required by law, and some of the plaintiffs will be required to pay additional excess rent in the future.

## SECOND CAUSE OF ACTION

27. Plaintiffs restate and incorporate by reference the foregoing allegations of this Complaint as if fully rewritten herein.

28. The utility allowance schedule which has been and is being used by defendants has not been revised despite utility rate changes which themselves and/or together with prior rate changes not adjusted for, have resulted "in a change of 10 percent or more from the rates on which such allowances were based," in violation of 24 C.F.R.§ 965.507.

29. As a direct and proximate result of defendants' violation of the United States Housing Act of 1937, 42 U.S.C. §1437 *et. seq* . and its implementing regulations, plaintiffs have paid more rent than is required by law, and some of the plaintiffs will be required to pay additional excess rent in the future.

## THIRD CAUSE OF ACTION

30. Plaintiffs restate and incorporate by reference the foregoing allegations of this Complaint as if fully rewritten herein.

31. Plaintiffs are the intended third party beneficiaries of JPHA's contractual agreements with HUD to abide by the requirements of the Housing Act of 1937 and implementing regulations.

32. As a direct and proximate result of defendants' violation their contractual agreements with HUD, plaintiffs have paid more rent than is required by law, and some of the plaintiffs will be required to pay additional excess rent in the future.

## PRAYER FOR RELIEF

Plaintiffs respectfully request the following relief:

1. That this Court assume jurisdiction of this case.

2. That this Court issue a judgment declaring that defendants have illegally failed to use current utility rates and to increase their utility allowance schedules as required by law.

3. That this Court award plaintiffs equitable restitution equal to the difference between the

utility allowances used by JPHA for each of them and the utility allowances they would have received if the schedules of utility allowances had been increased in accordance with the requirements of federal law.

4. That this Court issue preliminary and permanent injunctive relief ordering defendants to pay those plaintiffs who are still participants in the JPHA Section 8 program utility allowances increased in accordance with the governing federal regulations.

5. That the Court award plaintiffs costs and reasonable attorney's fees pursuant to 42 U.S.C. §1988.[1]

6. For such further relief as the Court may deem just and proper.

Respectfully submitted,
BY:

*/s/ Charles M. Delbaum*
Charles M. Delbaum (T.A.), LSBA No. 22035
Laura A. Tuggle LSBA No.22171
NEW ORLEANS LEGAL ASSISTANCE
144 Elk Place, Suite 1000
New Orleans, Louisiana 70112-2635
Telephone: (504) 529-1000

Attorneys for plaintiffs

---

[1] At the current time, New Orleans Legal Assistance is prohibited from collecting attorney fees by federal law governing organizations funded by the Legal Services Corp.

9