```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA

CATRICE JOHNSON, ET AL       *         CIVIL ACTION

VERSUS                       *         NO: 04-1128

HOUSING AUTHORITY OF         *         SECTION: "D"(3)
JEFFERSON PARISH, ET AL
```

**ORDER AND REASONS**

Before the court is the **"Motion to Dismiss Claims of Absentee Plaintiffs"** (Doc. No. 50) filed by Defendant, Louisiana Housing Development Corporation (LHDC). Counsel for the Absentee Plaintiffs filed a memorandum in opposition. The motion, set for hearing on Wednesday, June 4, 2008, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be granted.

In this matter, 42 named Plaintiffs challenge the utility-allowance schedule for participants in the Jefferson Parish Hosing Choice Voucher Program.[1]  Defendant LHDC now seeks to have the

---

[1] Suit was filed on April 21, 2004. On October 28, 2004, this court granted the Rule 12(b) Motion to Dismiss filed by all Defendants and Judgment was issued. (Docs. Nos. 16 & 17). Plaintiffs appealed this dismissal, and the Fifth Circuit reversed and remanded. (Doc. No. 20, Mandate entered on March 28, 2006). Defendants filed a

claims of Plaintiffs, Delores Love, Mary Calloway, Wendy Wallace and Catrice Johnson (the Absentee Plaintiffs),[2] dismissed because counsel for Plaintiffs has disclosed to Defendant that despite efforts to contact and locate these four Plaintiffs, these Plaintiffs remain "missing."  Counsel for the Absentee Plaintiffs admit:

> New Orleans Legal Assistance was in touch with each of the four [absentee] plaintiffs since Katrina, and has post-Katrina contact information on each.  However, since November [2007], we have been unable to reach the four plaintiffs at issue, using the phone numbers and addresses in hand, by publication in New Orleans, and following other leads.

(Opposition, Doc. No. 52 at p. 1).

The failure of the Absentee Plaintiffs to make contact with their counsel indicates that they have abandoned their claims and have no further interest in prosecuting their claims in this matter.[3]

The Absentee Plaintiffs have also failed to respond to

---

Petition for a Writ of Certiorari with the United States Supreme Court, which denied the Petition on October 2, 2006. (Doc. No. 40).

[2]   There are 37 other named Plaintiffs in this matter.

[3]   Counsel for the Absentee Plaintiffs presumes that these plaintiffs remain evacuated as a result of Hurricane Katrina.  However, as Defendant points out, the other 37 plaintiffs in this case were also presumably affected by Hurricane Katrina and (unlike the Absentee Plaintiffs) they have stayed in contact with their attorney.

Further, counsel for the Absentee Plaintiffs admits that he had contact with the Absentee Plaintiffs in November 2007, over two years after Hurricane Katrina.

Defendant's Interrogatories and the deadline for responding has passed.  Counsel for the Absentee Plaintiffs argue that Defendant usually would be required to obtain an order to compel before seeking dismissal as a sanction for failing to comply with an order to compel.  But the court finds that requiring Defendant to obtain an order to compel would be a useless and futile gesture, because the whereabouts of the Absentee Plaintiffs is unknown despite their counsel's diligent effort to find them.  And their counsel admits that he therefore cannot respond to discovery on behalf of the Absentee Plaintiffs.  (*See* letter from counsel for Absentee Plaintiffs attached as Ex. C to Defendant's Motion).

Thus, the claims of the Absentee Plaintiffs will be dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b) and for failure to respond to Defendant's Interrogatories under Federal Rule of Civil Procedure 37(d).  The court also finds that the dismissal of the Absentee Plaintiffs' claims will facilitate the tentative settlement and dismissal of the entire lawsuit.[4]

Considering the circumstances, dismissal of the Absentee

---

[4] Defendant also represents to the court that the Defendants and counsel for plaintiffs have reached an agreement in principal to settle this case in its entirety and [t]he inability to make contact with [the] missing plaintiffs is an obstacle to the consummation of the tentative settlement agreement." (Doc. No. 50 at p. 2).

Discovery cut-off in this case is June 30, 2008.  The Pre-Trial Conference is set on Wednesday, July 30, 2008 at 2:00 p.m. and the Bench Trial is set for the week of Monday, August 25, 2008.

Plaintiffs' claims with prejudice for failure to prosecute (under Rule 41(b)) is warranted because: (1) there is a clear record of delay or a significant period of total inactivity (on the part of the Absentee Plaintiffs, and not their attorney)[5]; and (2) a lesser sanction would not prompt diligent prosecution or serve the best interest of justice. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1181, 1191 & n. 5(5th Cir. 1992).

Likewise, in dismissing the Absentee Plaintiffs' claims under Federal Rule of Civil Procedure 37, the court has also considered: (1) the clear record of delay or a significant period of total inactivity (on the part of the Absentee Plaintiffs, and not their attorney); and (2) the futility of a less severe sanction. *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994).

Accordingly;

**IT IS ORDERED** that the **"Motion to Dismiss Claims of Absentee Plaintiffs"** (Doc. No. 50) filed by Defendant, Louisiana Housing Development Corporation, be and is hereby **GRANTED,** and the claims of Delores Love, Mary Calloway, Wendy Wallace and Catrice Johnson (the Absentee Plaintiffs) be and are hereby **DISMISSED WITH PREJUDICE.**

---

[5] In most cases where the Fifth Circuit has affirmed dismissals with prejudice for failure to prosecute, the Court found at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the Defendant; or (3) delay caused by intentional conduct. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)(citations omitted).

New Orleans, Louisiana, this **4th** day of **June**, **2008**.

                                                    _____
                                                           A.J. McNAMARA
                                      UNITED STATES DISTRICT JUDGE